**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN W. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01621 (UNA) |
| | ) | |
| U.S. DEPARTMENT OF TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* petition for a writ of mandamus ("Pet."),
ECF No. 1, and his application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2.
For the reasons explained below, the court denies plaintiff's IFP application and dismisses this
matter without prejudice.

At the outset, the court denies plaintiff's IFP application.  In the application, plaintiff states
only that he cannot afford the filing fee because he is "currently under financial distress caused by
the unlawful delay in disbursement of a final default judgment owed to [him] by the U.S.
Department of the Treasury."  IFP App. at 1.  No other information is provided, including any
details regarding plaintiff's employment circumstances, income, assets, debts, expenses, or other
financial obligations, if any.  Having failed to submit any relevant information regarding his
financial circumstances, plaintiff has not established his inability to pay the filing fee for this
matter.  *See* 28 U.S.C. § 1915(a)(1).

Plaintiff's claims fare no better.  He seeks a writ of mandamus compelling the U.S.
Department of Treasury "to immediately disburse $750,000 pursuant to Final Default Judgment
entered in the United States District Court for the Northern District of Texas, Case No. 3:22-cv-

2694, and now subject to nationwide enforcement including S.D.N.Y. Case No. 1:25-cv1172."

Pet. at 1. Plaintiff has failed to state a claim or to establish this court's subject matter jurisdiction.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

First, the extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Mandamus is considered "drastic," and is available only in extraordinary situations. *See Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Plaintiff has neither sued a federal officer or employee, nor addressed any of the required elements noted above, thus failing to meet his burden. Indeed, the public record of the cases cited by plaintiff directly contradict his position.[1] *See Miller v. United States Gov't*, No. 3:22-cv-2694 (N.D. Tex. filed Dec. 2, 2022) ("*Miller I*"); *Miller v. Apple, Inc.*, No. 1:25-cv1172 (S.D.N.Y. filed Feb. 10, 2025) ("*Miller II*"). Plaintiff was never awarded an entry of default or a default judgment in *Miller I*; in fact, his repeated requests for default were denied, *see Miller I* at Dkt., "clerk declines to issue default at this time" (dated Feb. 10, 2023, Feb. 14, 2023, May 22, 2023); *id.* at Order denying Pet.'s Motion to Certify Default and Default Judgment (dated Aug. 29, 2024), ECF No. 78. To the contrary, defendant United States' motion to dismiss was granted in full in *Miller I* on

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

August 15, 2023, and that matter was then dismissed and closed. *See* Judgment, ECF No. 54.

Likewise, in *Miller II*, plaintiff's multiple requests for default were all denied, *see Miller II* Dkt.

at Order (dated Mar. 21, 2025), ECF No. 69, and defendant Apple's motion to dismiss was granted

in full, and that case was also dismissed and closed, *see id*. at Opinion & Order (dated June 2,

2025), ECF No. 329; *id.* at Judgment (dated June 2, 2025), ECF No. 330.

Insofar as plaintiff challenges the determinations made in *Miller I* or *Miller II*, he must file

for relief with those presiding courts, respectively, or with the applicable United States Courts of

Appeals, because this court is without jurisdiction to review or otherwise intervene in those

matters. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6

(7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another

federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818

F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate

jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts")

(citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F.

Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).

For all of these reasons, this matter is dismissed without prejudice. A separate order

accompanies this memorandum opinion.

Date:   June 26, 2025

_____/s/_____
AMIT P. MEHTA
United States District Judge